STATE OF NORTH CAROLINA v. RAY THOMAS TILLEY

No. 7317SC357

(Filed 23 May 1973)

Criminal Law § 113— inaccuracy in recitation of evidence — absence of prejudice

In this kidnapping prosecution, the trial court's statement in the charge that the victim testified defendant told her he had already killed two women "and that he wouldn't hesitate to kill another one," when in fact the victim testified defendant told her he had already killed two women "and he wouldn't hesitate to do otherwise," is *held* not to constitute prejudicial error.

APPEAL by defendant from *Wood, Judge,* 6 November 1972 Session of Superior Court held in SURRY County.

Indictment for kidnapping. Defendant pled not guilty. The State's evidence showed: Sometime after midnight on 6 July 1972 the prosecuting witness was alone in a laundromat in Mt. Airy, engaged in washing clothes. She did not know and had never previously seen the defendant. Defendant came in, drew a knife, and held it to her back or side. He seized her arm, and over her protest took her outside and placed her in a car. The car was not parked on the parking area provided for the laundromat but was on a nearby premises. Defendant also got in the car and attempted to force the prosecuting witness to become sexually intimate with him. While defendant was so engaged, a city police car drove up. Defendant started his car and drove rapidly away, taking the prosecuting witness with him. A high-speed chase ensued, joined in by cars of other officers. At times the defendant drove at speeds in excess of 90 miles per hour while traveling southward in the face of oncoming traffic in the northbound lanes of a divided dual-lane highway. Defendant's car finally stopped when its engine died after defendant had pulled off on a dirt road. He was immediately arrested by a pursuing officer.

Defendant did not introduce evidence. The jury found him guilty. From judgment imposing a prison sentence, defendant gave notice of appeal. To permit perfection of the appeal, this Court granted petition for certiorari.

*Attorney General Robert Morgan by Assistant Attorney General Robert G. Webb for the State.*

*Rodenbough & Price by Ronald M. Price; and Price, Osborne, Johnson & Blackwell by D. Floyd Osborne for defendant appellant.*

PARKER, Judge.

The sole assignment of error relates to a portion of the court's charge to the jury. While referring to the testimony of the prosecuting witness which described events in the laundromat, the trial judge stated that she had testified "that he (the defendant) told her that he had already killed two women and that he wouldn't hesitate to kill another one." The record on appeal shows that what the witness actually testified was as follows:

> "As to what he said when he first put the knife to my back, when I told him I wasn't going with him, he said he had already killed two women, and he wouldn't hesitate to do otherwise."

While the meaning of the phrase, "wouldn't hesitate to do otherwise," is not entirely clear, defendant's statement that "he had already killed two women," made while he held a knife to the back of the prosecuting witness, was starkly clear. Defendant's actions and words, as testified to by the prosecuting witness, taken together could convey but one clear and terrifying message—that he was a dangerous and violent man and that her life was at stake.

In this State, kidnapping is "defined generally as the unlawful taking and carrying away of a human being against his will by force, threats, or fraud." *State v. Dix,* 282 N.C. 490, 193 S.E. 2d 897. The testimony of the prosecuting witness in this case abundantly demonstrated the use by defendant of force and threats to carry her away with him against her will. It is inconceivable that the slight inaccuracy in the trial judge's recitation of the evidence, which is the only matter complained of on this appeal, could have affected the jury's verdict. Moreover, "slight inaccuracies in the statement of the evidence must be called to the court's attention in time to afford opportunity for correction, in order for an exception thereto to be considered." 7 Strong, N. C. Index 2d, Trial, § 33, p. 333.

We have carefully reviewed the entire record. Defendant has been given a fair trial free from prejudicial error. He was represented at the trial and on this appeal by competent counsel who were diligent on his behalf. The evidence amply supports the verdict. In the entire proceedings and in the judgment imposed we find

No error.

Judges CAMPBELL and VAUGHN concur.